# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1812-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

R.D.,

    Defendant-Appellant.

_____

Submitted January 31, 2017 — Decided July 18, 2017

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 11-03-0127.

Joseph E. Krakora, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (James L. McConnell, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant R.D. pleaded guilty to first-degree aggravated sexual assault of his daughter, N.J.S.A. 2C:14-2(a)(2)(a); second-

degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); and third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a). He admitted committing the offenses between December 2009 and December 2010, when his daughter was thirteen to fourteen years old.

Defendant entered his plea under somewhat unusual procedural circumstances. On the eve of trial, defendant filed an adjournment motion so he could retain an expert to conduct a medical examination of the victim, which the court denied. The court began, but then interrupted jury selection to hold a Miranda[1] hearing, to determine the admissibility of statements defendant made to a police officer. Before completing the Miranda hearing, defendant entered a conditional plea of guilty to all three counts, retaining his right to appeal the denial of his adjournment motion. Consistent with its promise in advance of the plea, the court imposed an aggregate ten-year sentence, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and Megan's Law, N.J.S.A. 2C:7-1 to -23. The State made no promises regarding sentence in the plea agreement.

On appeal, defendant raises the following points for our consideration:

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN DENYING [R.D.'s] MOTION FOR AN ADJOURNMENT TO RETAIN AN[] EXPERT AND TO HAVE AN INDEPENDENT PHYSICAL EXAMINATION OF J.D.

II. THE TRIAL COURT SHOULD HAVE COMPLETED [R.D.'s] MIRANDA HEARING AND RENDERED A DECISION CONCERNING WHETHER [R.D.'s] CONSTITUTIONAL RIGHTS WERE VIOLATED IN CONNECTION WITH HIS CONFESSION PRIOR TO [R.D.'s] HAVING ENTERED HIS GUILTY PLEA.

III. [R.D.] RECEIVED THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN CONNECTION WITH THE DECISION NOT TO COMPLETE THE MIRANDA HEARING PRIOR TO [R.D.'s] ENTERING INTO THE PLEA AND WITH RESPECT TO FAILING TO PRESERVE [R.D.'s] RIGHT TO APPEAL THE MIRANDA ISSUE AS PART OF HIS GUILTY PLEA.

IV. [R.D.'s] SENTENCE WAS EXCESSIVE AND UNFAIR.

The only point on appeal that merits any extended discussion is defendant's challenge to the court's adjournment decision. In his allocution, defendant admitted that while he touched his daughter's clitoris, he became sexually aroused and knew that his touching would impair or debauch his daughter's morals. However, in advance of his plea, he contended his touching did not constitute penetration. To support this defense, he proposed on the eve of trial to retain an expert to conduct a physical examination of his daughter. Defendant presented a certification from a physician — not included in the record — which reportedly

opined that depending on a girl's development, it was possible to touch a portion of the clitoris without penetrating the vaginal opening.

Judge Robert B. Reed denied the adjournment request.[2] He noted the request to secure an expert and conduct an examination was not raised previously, it was untimely, and defendant did not show good cause for the delay. However, he also denied the request on the merits. He concluded the nature of a child's development was not pertinent to whether defendant's touching constituted penetration as a matter of law. Furthermore, defendant failed to demonstrate how examining his daughter, then seventeen years old, would demonstrate the state of her development when she was thirteen or fourteen. Finally, Judge Reed concluded that the likely embarrassment and imposition upon the victim from a medical examination outweighed the slight benefit to defendant. On appeal, defendant renews his argument that the nature of the victim's development was a critical fact in ascertaining whether he engaged in an act of penetration and the court abused its discretion in denying his adjournment request.

---

[2] We previously remanded the matter to the trial court to reconstruct the record, as the audio recording or stenographic record of Judge Reed's oral decision was apparently lost.

We are unpersuaded. "New Jersey long has embraced the notion that '[a] motion for an adjournment is addressed to the discretion of the court, and its denial will not lead to reversal unless it appears from the record that the defendant suffered manifest wrong or injury.'" State v. Hayes, 205 N.J. 522, 537 (2011) (quoting State v. Doro, 103 N.J.L. 88, 93 (E. & A. 1926)). We also apply an abuse-of-discretion standard of review to the trial court's determination whether to allow discovery, such as an independent medical examination of a victim. State v. Kane, 449 N.J. Super. 119, 132 (App. Div. 2017). We discern no abuse of discretion here.

Defendant bore a "heavy burden" to establish the need to conduct a compelled physical examination of the victim. Id. at 133. In this case, defendant sought a physical examination of the most personal and intimate sort. A defendant's right to such discovery must clearly outweigh the victim's rights to be free from emotional trauma and distress. See State ex rel. A.B., 219 N.J. 542, 561-62 (2014); see also State v. D.R.H., 127 N.J. 249, 256-59 (1992); Kane, supra, 449 N.J. Super. at 133; N.J.S.A. 52:4B-36(c) (stating crime victims shall be "free from intimidation, harassment or abuse" by the defendant).

Defendant fell far short of meeting his burden. Penetration need only be slight to satisfy the essential element of an

aggravated sexual assault.  See State v. Cabrera, 387 N.J. Super. 81, 103 (App. Div. 2006); N.J.S.A. 2C:14-1(c) (defining "sexual penetration" to include insertion of the hand or finger into the vagina and "depth of insertion shall not be relevant as to the question of commission of the crime"); N.J.S.A. 2C:14-2(a) (defining aggravated sexual assault as an act of sexual penetration under specified circumstances).  Yet, we need not dwell on the issue of whether the nature of a child's development may conceivably be pertinent to determining if certain touching involved penetration, since defendant failed to submit in his appellate appendix the physician's opinion, which presumably provided the alleged basis for the examination.  See Cmty. Hosp. Grp., Inc. v. Blume Goldfaden, 381 N.J. Super. 119, 127 (App. Div. 2005) (stating that an appellate court is not "obliged to attempt [to] review . . . an issue when the relevant portions of the record are not included").  Furthermore, defendant provided no meaningful response to the court's concern that any present examination of the child would have no relevance to her development at the time of the assaults.  In short, defendant's flimsy explanation cannot justify the "extraordinary intrusions" he proposed.  See A.B., supra, 219 N.J. at 561.

Defendant's remaining arguments warrant only brief comment. The court was not obliged to complete the Miranda hearing once

defendant pleaded guilty. As he did not preserve his <u>Miranda</u> motion in his plea, he waived his challenge to the admissibility of his prior statement. See <u>State v. Marolda</u>, 394 <u>N.J. Super.</u> 430, 435 (App. Div.), <u>certif. denied</u>, 192 <u>N.J.</u> 482 (2007); <u>R.</u> 3:9-3(f) (authorizing conditional pleas). We also decline to reach defendant's ineffective-of-assistance-of-counsel claims on direct appeal, because they "involve allegations and evidence that lie outside the trial record." <u>State v. Hess</u>, 207 <u>N.J.</u> 123, 145 (2011) (internal quotation marks and citations omitted); <u>State v. Preciose</u>, 129 <u>N.J.</u> 451, 460 (1992).

Lastly, we discern no abuse of the trial court's sentencing discretion. The court sentenced defendant to the bottom of the first-degree range after finding that aggravating factors two ("[t]he gravity and seriousness of the harm inflicted") and nine ("[t]he need for deterring the defendant and others"), were in equipoise with mitigating factors seven (the lack of a history of criminal activity), eight ("defendant's conduct resulted from circumstances unlikely to recur"), and nine (his character and attitude indicated he was unlikely to reoffend). See <u>N.J.S.A.</u> 2C:44-1(a)(2), (9); <u>N.J.S.A.</u> 2C:44-1(b)(7), (8), and (9). The sentence was in accord with the plea agreement. We are satisfied, based on our review of the record, that the court set forth its reasons with sufficient clarity and particularity, the court's

A-1812-14T4

essential findings were supported by competent and credible evidence in the record, the court correctly applied the sentencing guidelines in the Code, and the court did not abuse its sentencing discretion.  See State v. Fuentes, 217 N.J. 57, 70 (2014); State v. Cassady, 198 N.J. 165, 180-81 (2009); State v. Roth, 95 N.J. 334, 363-65 (1984).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION